ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BETTY JANE WILSON, as Administrator of the Estate of WILLIS WILSON, deceased, and BETTY JANE WILSON, for and on behalf of the heirs at law of WILLIS WILSON, deceased,<br><br>          Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | Case No. 03-4186-JAR |

## MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION TO PRESENT A DISPOSITIVE MOTION OUT OF TIME

The Court now considers Plaintiff's Motion to Present a Dispositive Motion after the Deadline for Same has Expired. (Doc. 49.) Plaintiff requests leave to file a dispositive motion on the issue of liability in this medical malpractice case because defendant just recently disclosed that it will not present a witness at trial who will testify to the appropriate standard of care in this case. The original deadline for filing a dispositive motion was November 15, 2004. The trial is set to begin on May 16, 2005. The United States has not responded to this motion. Under the local rules, "[t]he failure to file a brief or response within [14 days] shall constitute a waiver of the right thereafter to file such a brief or response . . . . If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further

notice."[1]

Where, as here, a party has failed to meet a deadline in a court order and waits until after the deadline has expired to request permission to file a pleading out of time, that party must show that the failure to act was due to "excusable neglect."[2] Excusable neglect is not limited strictly to omissions caused by circumstances beyond the control of the movant.[3] The determination of whether excusable neglect has been established is at bottom an equitable one, taking into account all relevant circumstances surrounding the party's omission including: (1) the danger of prejudice, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reasons for the delay, which includes whether it was within the reasonable control of the party seeking to show excusable neglect, and (4) whether that party acted in good faith.[4]

In applying the foregoing factors, this Court finds that plaintiff is able to establish excusable neglect. The original deadline for the United States to designate an expert witness was June 19, 2004–prior to the dispositive motion deadline. The United States requested and received four extensions of time from that date to file its expert designation, which was ultimately due on April 1, 2005. On that date, the United States notified plaintiff that it would not present a witness at trial to contest the issue of liability. Therefore, plaintiff was informed that the United States would not present an expert on the issue of liability for the first time on April 1, 2005.

---

[1] D. Kan. R. 7.4; *see* D. Kan. R. 6.1(d)(1).

[2] *See* Fed. R. Civ. P. 6(b).

[3] *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 391-92 (1993).

[4] *Id.* at 395; *see also United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004); *City of Chanute v. Williams Natural Gas*, 31 F.3d 1041 (10th Cir. 1994).

Although the delay between the dispositive motion deadline and the instant motion is significant, the Court finds that it is excusable. There is no evidence that granting this motion would cause prejudice to the United States. Also, the delay was not within the reasonable control of plaintiff. According to plaintiff's motion, the basis for her dispositive motion will be the alleged lack of evidence by the United States to contest whether the appropriate standard of care was utilized in this case. Until April 1, plaintiff was unaware that the United States would not contest this issue through expert testimony. Five days after being notified of this fact by the United States, plaintiff filed the instant motion. "'[F]ault in the delay remains a very important factor–perhaps the most important single factor–in determining whether neglect is excusable.'"[5] Because the Court finds that the delay was outside the control of plaintiff and because the delay will not be prejudicial to the United States, the Court grants plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Present a Dispositive Motion after the Deadline for Same has Expired (Doc. 49) is GRANTED.

Plaintiff shall file her dispositive motion no later than June 1, 2005 and defendant shall respond no later than July 1, 2005. Plaintiff may file a reply brief within fourteen (14) days of the response.

IT IS SO ORDERED.

Dated this 25th day of April, 2005.

        S/ Julie A. Robinson
        **Julie A. Robinson**

---

[5] *Torres*, 372 F.3d at 1163 (quoting *City of Chanute*, 31 F.3d at 1046)).

**United States District Judge**